# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SEVERIANO GONZALEZ DELGADO,** ) ) ) | |
| **Petitioner,** ) ) | |
| ) | Civil Action Number |
| v. ) | **4:18-cv-08008-AKK** |
| ) | |
| **UNITED STATES OF AMERICA,** ) ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

Severiano Gonzalez Delgado, a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Docs. 1; 5. For the reasons explained below, Delgado's petition is denied.

## I.

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, among other things, a petitioner must timely file a non-successive petition or obtain an order from the Eleventh Circuit

authorizing a district court to consider a successive § 2255 motion,[1] and state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b).[2] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II.

Delgado pleaded guilty to charges that he (1) conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846—Count One;  (2) knowingly, intentionally, and unlawfully possessed with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846—Counts Two, Three, Four, Five, Six, Seven, Eighteen, and Twenty-Two; (3) knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)—Count Eight; (4) possessed a firearm after he was previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1)—Count Nine;

---

[1] 28 U.S.C. §§ 2255(f) and (h); § 2255 Rule 9.
[2] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994).

2

and (5) illegally re-entered the United States after being deported in violation of 8 U.S.C. § 1326(a)(2) and (b)(2)—Count Eleven. Crim. docs. 1; 79; 82.[3] Based on his plea, the undersigned sentenced Delgado to a term of imprisonment of 248 months. *See* crim. doc. 117. Delgado did not file a direct appeal, *see* doc. 1 at 2, and he timely filed this § 2255 petition, doc. 1.

### III.

Delgado asks this court to vacate his conviction and sentence based on three alleged grounds: (1) his guilty plea was unlawfully induced, or not made voluntarily or with understanding; (2) his conviction was obtained by use of evidence obtained in an unlawful search; and (3) that his counsel provided ineffective assistance. Docs. 1 at 2; 5 at 2. The first two contentions are procedurally barred, and Delgado has failed to prove the third.

### A.

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). A challenge is "available" on direct appeal when it can be reviewed without further factual development. *Id.* A defendant who abandons an available

---

[3] Crim. docs. refers to the documents in Delgado's underlying criminal case, *United States v. Severiano Gonzales Delgado*, case no. 4:16-cr-00259-AKK-GMB.

claim on direct appeal generally cannot overcome that default "unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Id.* However, a default can be excused to avoid a "fundamental miscarriage of justice . . . where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

Delgado's contentions related to his plea and the search were available to him on direct appeal. *See Mills*, 36 F.3d at 1055-56. To get around the procedural bar, Delgado contends that he did not file a direct appeal challenging his plea or the search because he does not speak English or understand the law. Doc. 1 at 4, 6-7. Presumably, Delgado is arguing that he has alleged cause for his procedural default. But, in the plea colloquy, Delgado told the interpreter that he understood English, crim. doc. 175 at 3-4, and his lawyer made a similar representation, *id.* at 4-5. Also, Delgado never refuted these contentions, and instead confirmed that his lawyer addressed him in English and that he understood his lawyer. *Id.* at 4-5. Still, despite Delgado's apparent understanding of the English language, the court nonetheless utilized a certified interpreter for the plea and the sentencing. *See* crim. docs. 175 & 176 *generally*. And, critically, the court informed Delgado at sentencing of his right to appeal, including that he could request that the court appoint a lawyer for him and waive the costs for the appeal, and Delgado affirmed his understanding of this right.

4

Crim. doc. 176 at 13. In short, the record belies Delgado's contentions, and his purported inadequacies with the English language do not excuse his failure to file an appeal. Therefore, in the absence of cause for his procedural default, the court cannot consider these claims of alleged misconduct. *See, e.g.*, *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010).

Alternatively, these two claims fail because Delgado waived his rights to appeal and post-conviction relief.[4] *See* crim. docs. 175 at 21; 82 at 18-19. Moreover,

---

[4] In his reply, which he also titled as a "Motion for Leave to File Supplemental Pleadings," Delgado argues that the court failed to establish that his waiver of his rights to obtain post-conviction relief was "voluntary made." Doc. 11 at 5. But the court made the requisite inquiry:

> THE COURT: Let's go next to page 19. Is that your signature there on page 19, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Your signature on page 19 is in Section 6 of the agreement, which begins on page 18. It's titled, Waiver of Right to Appeal and Post-Conviction Relief. Do you understand that as part of this plea deal you are giving up and foregoing your rights to appeal or to challenge these proceedings except for the three following scenarios: You have reserved a right to challenge me in the event I sentence you above the statutory maximum or the maximum range of the guidelines; and then, likewise, you also are reserving the right to challenge the effectiveness of your lawyer's representation. Except for those three scenarios, do you understand that you are agreeing that you will not challenge this case in any fashion whatsoever?
>
> THE DEFENDANT: Yeah.

Crim. doc. 175 at 21.

Also, in his motion for leave, doc. 11, Delgado contends that the United States failed to prove that he had a prior felony conviction or that he had illegally reentered the United States. Doc. 11 at 6. Delgado admitted to both contentions however in the factual basis of his plea agreement, which stated in part: "In the master bedroom where Felicia and "Seven" [i.e. Delgado] stayed, agents found a flat screen monitor that had cameras connected to it. . . . A Glock 9mm

5

Delgado entered his guilty plea voluntarily, as reflected in the plea colloquy wherein he indicated that he understood the nature of the charges and the consequences of his plea, and stated that he was voluntarily and freely entering his guilty plea because he was in fact guilty of the charges. *See* crim. doc. 175 in case no. 4:16-cr-259-AKK. As such, the plea complies with Rule 11 of Federal Rule of Criminal Procedure, and no relief is warranted.

B.

Delgado asserts also that his counsel provided ineffective assistance by allowing him to plead guilty even though counsel purportedly knew that Delgado had no understanding of the plea. Docs. 1 at 7; 5 at 2. Generally, a petitioner claiming ineffective assistance must demonstrate not only that his counsel's performance was below an objective and reasonable professional norm, but also that he was prejudiced by this inadequacy. *See Strickland v. Washington*, 466 U.S. 668,

---

pistol was also found in this bedroom along with two magazines that were both fully loaded. <u>He is a convicted felon and an illegal alien</u>." Crim. doc. 82 at 9 (emphasis added). And during his plea colloquy, Delgado also admitted that these contentions are accurate:

> THE COURT: Is there anything in Section 2 [i.e. the factual basis] of the agreement that you believe to be incorrect as it relates to you?
>
> THE DEFENDANT: No.
>
> THE COURT: Did you do the things here the Government is claiming that you did?
>
> THE DEFENDANT: Yes.

Crim doc. 175 at 20-21.

686 (1984). When reviewing such claims, judicial scrutiny is "highly deferential," and the court must be careful not to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The court may dispose of an ineffective assistance claim if the movant fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697.

Delgado has failed to show that his "counsel's performance was deficient" and "fell below an objective standard of reasonableness" or that this purported "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687-88. To the contrary, Delgado repeatedly informed the court that he was pleased with his counsel's performance, that counsel discussed the charges and the plea with him, and satisfactorily answered all of Delgado's questions before Delgado signed off on the plea. *See* crim. doc. 175 at 4-5, 7, and 22. In short, Delgado has failed to make the requisite showing required by *Strickland*, and he is not entitled to any relief.

## C.

Delgado also seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018). Doc. 5 at 2-3. Relief is not warranted here, however, where the Sentencing Commission has not lowered Delgado's guideline range.

## IV.

In light of the foregoing, the court finds that Delgado's arguments are either procedurally barred or fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255.  Accordingly, his § 2255 petition is due to be denied, and his motions for leave to supplement, doc. 11, to compel a response, doc. 12, and to compel an order of judgment, doc. 13, are moot.

**DONE** the 25th day of March, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE