# NITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **SEVERIANO GONZALEZ DELGADO,** )<br> )<br>**Petitioner,** )<br> )<br>**v.** )<br> )<br>**UNITED STATES OF AMERICA,** )<br> )<br>**Respondent.** ) | Civil Action Number<br>**4:18-cv-08008-AKK** |

## **MEMORANDUM OPINION AND ORDER**

Severiano Gonzalez Delgado was sentenced by this court to 248 months in prison after pleading guilty to drug, weapons, and immigration charges. Doc. 14 at 2-3. Delgado then moved the court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that: (1) his guilty plea was unlawfully induced, or not made voluntarily or with understanding; (2) his conviction was obtained by use of evidence obtained in an unlawful search; and (3) his counsel provided ineffective assistance. Docs. 1 at 2; 5 at 2. After the matter was fully briefed, the court denied Delgado's petition, finding that his first two contentions were procedurally barred and that he had failed to prove ineffective assistance of counsel. Doc. 14 at 3.

Delgado now moves the court to vacate its denial of his petition under Federal Rule of Civil Procedure 59(e). Doc. 16. Delgado also seeks leave to amend his §

2255 petition, doc. 17, and has already filed a proposed amended petition, doc. 18. For the reasons discussed herein, Delgado's motions are due to be denied.

## I.

In his motion to vacate, Delgado mainly repeats claims that the court previously rejected, including that his defense counsel provided ineffective assistance and that his plea agreement thus "did not represent a voluntary and intelligent choice." Doc. 16 at 2, 6-7.[1] But "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citations omitted). Instead, a court can only grant a Rule 59(e) motion if the movant shows "newly-discovered evidence or manifest errors of law or fact." *Id*. Therefore, Delgado's ineffective assistance and involuntary plea arguments, which the court has already discussed at length and rejected, *see* doc. 14, do not form a valid basis for reconsideration under Rule 59(e).

Delgado also argues that he is "actually innocent" of counts eight and nine of his indictment for violations of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A). Doc. 16 at 4-7. This is a new argument that "could have been raised prior to the entry of judgment," *Arthur*, 500 F.3d at 1343, but given the seriousness of an actual

---

[1] The court has jurisdiction to consider Delgado's motion to vacate because Rule 59(e) motions are not "successive petitions" barred by 28 U.S.C. § 2255. *See De Jesus v. United States*, 842 F. App'x 492, 493 (11th Cir. 2021) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1708, 1711 (2020)).

innocence claim and the special deference afforded such a claim in § 2255 proceedings, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), the court will briefly discuss its merits.

### A.

"To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021) (citing *Bousley*, 523 U.S. at 623). Here, Delgado contends that he did not "possess a [firearm] in furtherance of the drug trafficking crime," as proscribed by § 924(c)(1)(A), and that he did not "knowingly possess" a firearm, as required for a conviction under § 922(g)(1). Doc. 16 at 4-5. Delgado claims that there was no evidence linking him to any firearms, and that he therefore is actually innocent of these two counts of his indictment. *Id*. at 4-7. If his lawyer had adequately informed him of the government's burden in proving violations of §§ 922(g)(1) and 924(c)(1)(A), Delgado argues, he "would not have signed the plea agreement to plead guilty to counts 8 and 9" and instead would have proceeded to trial to prove his innocence. *Id*. at 6-7.

Delgado's arguments are unavailing. To prove a violation of § 922(g)(1), the government "must show that the defendant knew he possessed a firearm." *United States v. Wilson,* No. 20-14576, 2021 WL 4470237, at *6 (11th Cir. Sept. 30, 2021)

3

(citing *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019)). Under § 924(c)(1)(A), the government must prove that the defendant "possess[ed] a firearm during and in relation to a drug trafficking crime or possess[ed] a firearm in furtherance of any such crime." *Id*. (citing 18 U.S.C. § 924(c)(1)(A)) (internal quotation marks omitted). "Possession" of a firearm includes constructive possession, which exists "when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). "Thus, if the government proves, 'through either direct or circumstantial evidence that the defendant (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm, the defendant's constructive possession of that firearm is shown.'" *Wilson*, 2021 WL 4470237, at *6 (citing *Perez*, 661 F.3d at 576).

Despite Delgado's claims to the contrary, there is sufficient evidence on the record to support his guilty plea as to counts eight and nine of his indictment. In his plea, Delgado stipulated to the following facts as alleged by the government: (1) that Delgado sold methamphetamine from his trailer in Collinsville, Alabama; (2) that Delgado gave guns to two codefendants – who both lived in the same trailer as Delgado and assisted with his drug operations – and kept one gun for himself; and (3) that agents found a Glock 9mm pistol along with two loaded magazines in

Delgado's bedroom. Crim. Doc. 82 at 7-11. Based on these facts alone, it is clear that Delgado knowingly possessed a firearm in furtherance of a drug trafficking crime, and he has thus failed to show that "it is more likely than not that no reasonable juror would have convicted" him of counts eight and nine. *Granda*, 990 F.3d at 1292.[2]

As for Delgado's contention that he did not understand the elements of these offenses prior to signing his plea agreement, the transcript from his plea hearing demonstrates otherwise:

> THE COURT: In Count Eight, you are charged with possession of a firearm in furtherance of a drug-trafficking crime. It is a separate federal crime for anyone to possess a firearm in furtherance of a drug-trafficking crime. You can be found guilty only if the following things are proved beyond a reasonable doubt: First and foremost, that you committed the drug-trafficking crime, as charged in Count Seven of the indictment; second, that you knowingly possessed a firearm; and then lastly, that you possessed that firearm in furtherance of the drug-trafficking crime charged in Count Seven. To possess a firearm is to have one on your person in a way that makes it available for immediate use while committing the drug-trafficking crime charged in Count Seven.
>
> DELGADO: Yes.
>
> THE COURT: All right. The possession obviously does not mean that you were in physical control of it. It can be constructive possession. But let me stop there. Do you understand what the government will have to show at a minimum before you can be found guilty of Count Eight?
>
> DELGADO: Yes.

---

[2] Notably, these facts are only what the government was prepared to prove at trial "at a minimum." Crim. doc. 82 at 4. A fully-developed factual record may have been even more incriminating.

> THE COURT: Okay. For Count Nine, you are being charged with a – someone who is a felon in possession of a firearm. It obviously involves the Government showing that you were previously convicted of a felony. After that conviction, the Government will also have to show that you were in possession of a firearm. And then lastly, that the firearm was not made in the state of Alabama.
> […]
> THE COURT: Do you understand what the Government will have to show at a minimum before you can be found guilty of these charges that you are facing?
>
> DELGADO: Yes.
>
> THE COURT: The indictment alleges that you were knowingly in possession of a firearm. For example, wherever the term "knowingly" is used, I want to make sure you understand it means that the conduct that you are charged with is something that you did voluntarily and intentionally, and not because of mistake or accident. Do you understand that, sir?
>
> DELGADO: Yes.

Crim. Doc. 175 at 13-14. And, as the court already noted when denying Delgado's initial petition, Delgado repeatedly informed the court that his defense counsel discussed the charges and the plea with him and satisfactorily answered all of his questions before he signed the plea. Doc. 14 at 7 (citing crim. doc. 175 at 4-5, 7, and 22). Given this significant evidence contradicting his actual innocence claim, Delgado has not made the required showing for reconsideration, and his motion is therefore due to be denied.

## II.

The court next turns to Delgado's motion for leave to amend his § 2255 petition, doc. 17, and his proposed amended petition, doc. 18. In his amended

petition, Delgado expands on his claims of actual innocence, recounting his version of the facts and citing extensive caselaw setting out the government's burden in proving violations of §§ 922(g)(1) and 924(c)(1)(A).  *Id*. at 5-22.

As a procedural matter, the court does not have jurisdiction to consider Delgado's amended petition.  Because the amendment comes after judgment was rendered on Delgado's initial petition, it is a successive petition and is thus barred by § 2255 absent authorization by the Court of Appeals.  *See* 18 U.S.C. § 2255(h); *Burns v. United States*, 152 F. App'x 887, 890 (11th Cir. 2005); *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004).  Where, as here, the petitioner has not received appellate authorization to file a successive petition, the district court is obliged to dismiss his amended petition for lack of subject matter jurisdiction.  *Hubbard*, 379 F.3d at 1247.

Again, however, given the seriousness of an actual innocence claim, the court is hesitant to ignore the additional bases for relief that Delgado raises in his amendment.  But even liberally construing Delgado's filing as a supplement to his Rule 59(e) motion, Delgado fails to marshal any arguments that move the needle.  His recitation of the facts is contradicted by what he acknowledged in his guilty plea, and the caselaw cited in Delgado's petition does not mandate his desired result.  For the reasons discussed in above section I(A), the facts of Delgado's plea agreement support convictions under §§ 922(g)(1) and 924(c)(1)(A) based on the relevant

7

authority. Since Delgado's petition thus does nothing to bolster his Rule 59(e) motion, and because the court does not have jurisdiction to consider his amended petition on its own, Delgado's motion to amend is due to be denied.

## III.

For the reasons outlined above, Delgado has failed to show newly-discovered evidence or manifest errors of law or fact that would warrant vacatur of the court's denial of his initial petition, and he has also failed to meet his burden in claiming actual innocence. Therefore, Delgado's motion to vacate, doc. 16, is **DENIED**, and his motion to expedite a hearing on his motion to vacate, doc. 20, is **DENIED** as moot. And since the court does not have jurisdiction to consider Delgado's amended petition, his motion for leave to amend, doc. 17, is also **DENIED**.

**DONE** the 12th day of November, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE